MICHAEL BUTLER v. RALPH F. DRAKE.[1]

Oct. 15, 1895.

Nos. 9613—(230).

**Adverse Possession—Evidence.**

*Held,* upon an examination of certain testimony produced by defendant on the trial of this action relating to a claim of title by adverse possession, that the court below ruled correctly when it set aside a verdict in plaintiff's favor and granted defendant's motion for a new trial on the ground that it erred when it instructed the jury that this testimony was not for their consideration, and that the question upon which it bore was not before them.

**Patent—State—Presumption of Ownership of Land.**

From the fact that the state has issued a patent for a certain tract of land in section 22 of a specified governmental township to an alleged purchaser, which patent recites the act of congress whereby there was granted to the state for school purposes sections 16 and 36 in each township, but contains no other recitals as to the acts or proceedings whereby the state acquired its title to the land described, it cannot be presumed that the state was the owner of the land at the date of the patent or at any other time.

Appeal by plaintiff from an order of the district court for Faribault county, Severance, J., granting defendant's motion for a new trial. Affirmed.

*C. N. Andrews,* for appellant.

*Quinn & Putnam,* for respondent.

COLLINS, J. This was an action to recover damages for the cutting and carrying away by defendant of a small number of trees from plaintiff's farm, and the real controversy was over the ownership of a narrow strip of land on which stood the trees. The plaintiff had owned and occupied as a farm the northeast quarter of section 22 in a certain governmental township for about 15 years prior to the alleged trespass, while defendant had owned and occupied as his farm for more than 20 years the northwest quarter of the same section. As will be seen, these were adjoining quarter sections. It was contended on the trial by the plaintiff that the trees

[1] Reported in 64 N. W. 559.

in question, which stood as part of a single row on or near the line between these two farms, were all upon his land, the northeast quarter, while it was defendant's contention that they were upon his land, the northwest quarter of the section; and this was the only question, aside from the amount of damages, which was submitted to the jury. The verdict was for the plaintiff.

The defendant also claimed upon the trial that, if it should appear from the evidence that the line of trees at the particular point was actually upon the northeast, and not upon the northwest, quarter of the section, he had obtained title to the strip of ground upon which they stood by adverse possession for more than the statutory period of time,—15 years,—and for that reason the plaintiff could not recover. There was more or less testimony presented by defendant to establish this claim of title, but the court charged the jury that the evidence was insufficient to justify the claim, and that it was not to be considered in their deliberations. To this instruction defendant's counsel duly excepted, and subsequently their motion for a new trial was granted upon the ground that the court had erred in its view of the sufficiency of the testimony on this point. The appeal is from the order granting a new trial.

It is elementary that adverse possession, which will in time ripen into title, is such open, visible, notorious, adverse, and exclusive occupation of the premises of another as will clearly indicate to the owner that some person is exercising permanent and exclusive dominion over the same, hostile to him and to his interests. Each case must be determined by its own peculiar circumstances, upon the character of the property, its location, and the purposes for which it is ordinarily adapted, and is or can be used. Now, the evidence on which defendant relied was practically undisputed. Claiming the strip of land to be west of the boundary line between the two quarter sections, defendant entered upon it in the spring of 1877, marked and staked it out, and plowed it for the purpose of setting out trees the whole length of the line. Near the south end it appears that he actually encroached for a short distance upon the northeast quarter, and that has led to this litigation. He then, in 1877, set out young trees, and for years plowed and cultivated the land on both sides for their benefit, and also protected them by mulching. Once he cut the row down, appropriating the poles and

brush to his own use. The trees grew again, and then he frequently made partial cuttings, and for the whole period of time he has cut from and used the row of trees as he would other growing timber on his farm. When setting out the young trees in 1877 he employed the person then in possession of the farm now owned and occupied by plaintiff to aid in the work. The latter knew, before he purchased his land, that defendant set out these trees, and also knew from the time of his purchase just what acts of ownership defendant was exercising over them under a claim that they were his own. At one time defendant had a fence inclosing the trees, but the testimony does not show how long the fence remained. It does not appear that plaintiff ever made any claim to the land on which the trees stood, or to the trees involved in this action, or that he ever objected to defendant's acts of ownership, until a short time before the cutting by defendant. We are of the opinion that, under proper instructions as to what constitutes adverse possession for the statutory period, this question should have been submitted to the jury, and therefore that the court was right when it granted defendant's motion for a new trial.

After defendant had submitted his testimony concerning adverse possession, plaintiff offered in evidence, and there was received over the objection of opposing counsel, the record of a patent of the northeast quarter of section 22, of date April 23, 1880, in which the state of Minnesota was grantor and one Kennedy grantee. This was followed by record evidence of a deed, of date April 23, 1880, of the same tract of land, in which Mr. Kennedy was grantor and plaintiff the grantee. The record of these instruments was not introduced for the purpose of showing title in plaintiff, but the object, at least the evidence of such a patent, was to defeat the claim of title by adverse possession by showing that the state was the owner of the land at a time within the statutory period of 15 years; the contention being that, as against the state, the defendant's alleged adverse possession could not prevail. The patent purported to convey the quarter section as school land, reciting the act of congress whereby there was granted to the state for school purposes sections 16 and 36 in each township. But as this land was in section 22, and not in either of the sections specified in the grant, and as the patent failed to recite any other act or proceeding whereby.

this particular land was acquired by the state, and as there was no attempt otherwise to show how the state obtained from the general government any title which it could convey, the evidence was insufficient to show or to create a presumption that the state was the owner at any time within the 15 years prior to the cutting. And the presumption would be directly against the plaintiff's testimony that he had owned the land for more than 16 years. This disposes of all of the questions in the case which need consideration.

Order affirmed.